IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ROGER WILSON, | Civil Action No. 2:18-cv-00314 |
| Plaintiff, | United States District Judge<br>Nora Barry Fischer |
| v. | United States Magistrate Judge<br>Cynthia Reed Eddy |
| UNITED STATES OF AMERICA,<br>PITTSBURGH POLIC DEPARTMENT,<br>CITY OF PITTSBURGH, STATE OF<br>PENNSYLVANIA, | |
| Defendants. | |

**REPORT AND RECOMMENDATION**

**I.   RECOMMENDATION**

The Court respectfully recommends that Plaintiff's Complaint (ECF No. 6) filed on April 2, 2018, be *sua sponte* dismissed with prejudice prior to service under 28 U.S.C. §1915(e)(2) because the action is frivolous.

**II.   REPORT**

   A.   Procedural Background

Within a four-day span, Plaintiff, Roger Wilson, filed ten law suits, *pro se*, seeking Leave to Proceed *in forma pauperis*. He voluntarily withdrew four of the cases, *Wilson v. Federal A/G Maryland et al.*, 2:18-cv-00304; *Wilson v. Memphis F.C.I. et al.*, 2:18-cv-00312; *Wilson v. FCI Cumberland*, 2:18-cv-00313; and *Wilson v. FCI Gilmer, et al.*, 2:18-cv-00315 for "lack of venue". The six remaining cases filed during that time period are: *Wilson v. Delta Airlines, et al.*, 2:18-cv-00305; *Wilson v. Eyster et al.*, 2:18-cv-00306; *Wilson v. McKeesport Police Dept., el al*, 2:18-cv-

1

00307; *Wilson v. U.S. Gov't/Federal A/g et al.*, 2:18-cv-00308; *Wilson v. Healey*, 2:18-cv-00311; and *Wilson v. United States of America et al.*, 2:18-cv-00314.

Also pending with the court is *Wilson v. U.S. Gov't*, 2:17-01467, which was filed on November 13, 2017, for which Wilson paid the filing fee. The court also notes that Wilson also filed *Wilson v. United States and Office of Atty General*, 2:17-cv-00301 on March 8, 2017, for which he paid the filing fee. This case was dismissed pursuant to FRCP 12(b)(1), with prejudice, as amendment would be futile. Wilson filed a notice appealing this decision to the Third Circuit Court of Appeals. (*Id.* at ECF No. 29).

B.      Legal Standard

Plaintiff is proceeding *pro se* and as such, he is entitled to liberal construction of his submissions in federal court. This means that the Court must liberally construe the factual allegations of the complaint because *pro se* pleadings, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erikson v. Pardus*, 551 U.S. 89, 94 (2007) (internal quotation omitted); *Haines v. Kerner*, 404 U.S. 519, 520 (1972). In addition, the court should "'apply the applicable law, irrespective of whether a pro se litigant has mentioned it by name.'" *Higgins v. Beyer*, 293 F.3d 683, 688 (3d Cir. 2002) (quoting *Holley v. Dep't of Veterans Affairs*, 165 F.3d 244, 247-48 (3d Cir. 1999)). However, *pro se* litigants are not free to ignore the Federal Rules of Civil Procedure. *Pruden v. Long,* Civ. A. No. 3:CV-06-2007, 2006 WL 3325439, *1 (M.D. Pa. Oct. 24, 2006).

Pursuant to 28 U.S.C. §1915(a), Plaintiff requested and has been granted leave to proceed *in forma pauperis*. Thus, his allegations must be reviewed in accordance with the directives provided in 28 U.S.C. §1915(e). Section 1915(e)(2), as amended, requires the federal courts to

review complaints filed by persons[1] who are proceeding *in forma pauperis* and to dismiss, at any time, any action that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. §1915(e)(2)(B). "[A] complaint…is frivolous where it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Hawkins v. Coleman Hall, C.C.F.*, No. 11-3467, 2011 WL 5970977, at *2 (3d Cir. Nov. 30, 2011) ("An appeal is frivolous when it lacks an arguable basis either in law or fact." (citing *Neitzke, supra*). Thus, under §1915(e)(2)(B), courts are "authorized to dismiss a claim as frivolous where 'it is based on an indisputable meritless legal theory or where the factual contentions are clearly baseless.'" *O'Neal v. Remus*, No. 09-14661, 2010 WL 1463011, at *1 (E.D. Mich. Mar. 17, 2010) (quoting *Price v. Heyrman*, No. 06-C-632, 2007 WL 188971, at *1 (E.D. Wis. Jan. 22, 2007) (citing *Neitzke*, 490 U.S. at 327)).[2]

In determining whether a complaint fails to state a claim upon which relief may be granted for purposes of Section 1915(e)(2)(B), courts apply the same standard applied to motions to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure. *D'Agostino v. CECOM RDEC*, 436 F. App'x 70, 72 (3d Cir. 2011) (citing *Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999)). A complaint must be dismissed pursuant to Rule 12(b)(6) if it does not allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 554, 556 (2007) (rejecting the traditional 12(b)(6) standard set forth in *Conley v. Gibson*,

---

[1] Although the Third Circuit has not ruled on the issue, several district courts in the Third Circuit have considered the question of whether this revised in forma pauperis statute applies only to prisoners and have concluded that it does not. *Leatherman v. Obama*, C.A. No. 12-1486, 2012 WL 5398912 (W.D. Pa. Nov. 2, 2012) (Fisher, J.), *adopting R&R* 2012 WL 5398856 (W.D. Pa. Oct. 22, 2012); *Harrison v. Shapiro*, No, 97–2133, 1997 WL 197950, at * 1 (E.D. Pa.1997); *Jones v. North Atlantic Treaty Organization*, No. 98–1185, 1998 WL 136511, at *1 n. 1 (E.D. Pa.1998); *McAllen v. Attic Away From Home*, No. 00–941, 2000 WL 1752618, at *2 n. 7 (D. Del. 2000). Each of these courts has found the mention of the word "prisoner" to be a typographical error, and that the Congress meant the statute to read "person." I find this reasoning to be persuasive. *See also, Anyanwutaku v. Moore*, 151 F.3d 1053 (D.C. Cir.1998); *Mitchell v. Farcass,* 112 F.3d 1483, 1484 (11th Cir.1997); *Powell v. Hoover*, 956 F.Supp. 564, 568 (M.D. Pa.1997).

[2] Dismissal under Section 1915(e)(2) is "often made *sua sponte* prior to the issuance of process, so as to spare prospective defendants the inconvenience and expense of answering [frivolous] complaints[,]" *Neitzke,* 490 U.S. at 324, or complaints which fail to state a claim on which relief may be granted.

355 U.S. 41, 45-46 (1957)); *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal,* 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556).  The United States Court of Appeals for the Third Circuit has expounded on this standard in light of its decision in *Phillips v. County of Allegheny,* 515 F.3d 224 (3d Cir. 2008) (construing *Twombly* in a civil rights context), and the Supreme Court's decision in *Iqbal*:

> After *Iqbal,* it is clear that conclusory or "bare-bones" allegations will no longer survive a motion to dismiss: "threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal,* 129 S.Ct. at 1949. To prevent dismissal, all civil complaints must now set out "sufficient factual matter" to show that the claim is facially plausible. This then "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 1948. The Supreme Court's ruling in *Iqbal* emphasizes that a plaintiff must show that the allegations of his or her complaints are plausible. *See Id.* at 1949-50; *see also Twombly,* 505 U.S. at 555, & n. 3.

*Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009).  In making this determination, the court must accept as true all allegations of the complaint and all reasonable factual inferences must be viewed in the light most favorable to the plaintiff. *Angelastro v. Prudential-Bache Sec., Inc.*, 764 F.2d 939, 944 (3d Cir. 1985). "To the extent that a complaint filed *in forma pauperis* which fails to state a claim lacks even an arguable basis in law, Rule 12(b)(6) and §1915([e]) both counsel dismissal." *Neitzke,* 490 U.S. at 328 (footnote omitted).

C. Plaintiff's claims

Presently before the Court is *Wilson v. United States of America et al.,* 2:18-cv-00314, which the court notes is far from a model of clarity as it lacks specificity in its detail and relief

sought. Wilson is pursuing claims for "Obstruction [of] Justice 18 U.S.C. 1503" and "42 U.S.C. 1981 Equal Rights Under the Law." (ECF No. 6, p. 4.)

Plaintiff alleges, *in toto*:

> Plaintiff attempted to file a police report about an atty illegally stealing money off him for the last 7 years nonstop & the Pitt. Police Dept have refused to take the report, they also denied me equal protection under the law by not filing police report which as selective prosecution. Plaintiff believes they may have took report. Plaintiff thinks Def. took report in 2011 then refused to arrest Atty took it in 2011 or 2012.

*Id*. at 6. Plaintiff seeks "50,000" in damages. (*Id*. at 6). Because of the early stage of this litigation, service on the Defendant has not yet been ordered or effectuated.

1. Obstruction of Justice

As one of the legal basis for his claim, Wilson cites 18 U.S.C. § 1510, a statutory provision that criminalizes obstruction of criminal investigations. There is no legal basis for Wilson's claims. Criminal statutes, such as 18 U.S.C. § 1510, do not give rise to a civil cause of action. *See Walsh v. Conaboy*, 2016 WL 3742034, *2 (M.D. Pa. July 12, 2016) (collecting cases). Thus, it is recommended that this claim be dismissed on that basis.

2. Equal Rights Under the Law

Wilson next claims that Defendants denied him equal protection by not prosecuting his attorneys. 42 U.S.C. § 1981 provides: "All persons within the jurisdiction of the United States shall have the same right in every State and Territory to make and enforce contracts . . . as is enjoyed by white citizens[.]" *See McDonald v. Santa Fe Trail Transp. Co.*, 427 U.S. 273, 296, 96 S. Ct. 2574, 2586, 49 L. Ed. 2d 493 (1976) (applying Section 1981 to discrimination against white citizens). Section 1981, enforced by 42 U.S.C. § 1983, proscribes racial discrimination by state actors when making and enforcing public contracts. *Jett v. Dallas Indep. Sch. Dist.*, 491 U.S. 701,

5

735, 109 S. Ct. 2702, 2723, 105 L. Ed. 2d 598 (1989); *St. Francis College v. Al–Khazraji*, 481 U.S. 604, 609, 107 S.Ct. 2022, 95 L.Ed.2d 582 (1987); *Brown v. Phillip Morris Inc.*, 250 F.3d 789, 796 (3d Cir. 2001). Section 1983 creates a private cause of action for unconstitutional conduct by state actors. 42 U.S.C. § 1983.

Plaintiff's Section 1981 claim for racial discrimination is fatally threadbare. To prove a claim of purposeful racial discrimination under Section 1981 of Title 42 of the United States Code, plaintiff must establish: (1) that he or she is a member of a racial minority; (2) defendant's intent to racially discriminate; and (3) that the discrimination pertained to an activity enumerated in Section 1981. *Pryor v. Nat'l Collegiate Athletic Ass'n*, 288 F.3d 548, 569 (3d Cir. 2002); *see also Ellis v. Budget Maint., Inc.*, 25 F.Supp.3d 749, 753 (E.D. Pa. 2014). Section 1981 provides in pertinent part:

> All persons within the jurisdiction of the United States shall have the same right in every State...to the full and equal benefit of all laws and proceedings for the security of persons and property as is enjoyed by white citizens, and shall be subject to like punishment, pains, [and] penalties.

42 U.S.C. § 1981. The United States Court of Appeals for the Third Circuit has found that Section 1981 may ground a claim for improperly race-motivated law enforcement by a state government official. *Mahone v. Waddle*, 564 F.2d 1018, 1027–28 (3d Cir.1977*); see also Garay v. Colasardo*, No. 3:CV–14–1332, 2015 WL 4393464, at *11 (M.D. Pa. July 15, 2015). However plaintiff does not provide any facts to support his allegations as to this claim sufficient to meet the *Twombly/Iqbal* standard.

Nevertheless, even giving Plaintiff the benefit of the doubt, amendment of the Complaint would be futile as this claim is barred by the applicable statute of limitations. Claims brought under 42 U.S.C. § 1981, are subject to Pennsylvania's two-year statute of limitations. *See Wallace v. Kato*, 549 U.S. 384, 387 (2007); *Kach v. Hose*, 589 F.3d 626, 634 (3d Cir. 2009); 42 Pa. Cons.

6

Stat. § 5524(2). A claim accrues "when the plaintiff knew or should have known of the injury upon which [his] action is based." *Kach,* 589 F.3d at 634 (internal quotation marks omitted).

"When screening a complaint under § 1915, a district court may *sua sponte* dismiss the complaint as untimely under the statute of limitations where the defense is obvious from the complaint and no development of the factual record is required." *Whitenight v. Commonwealth of Pennsylvania State Police,* No. 16-3752, 674 Fed. App'x 142, 143, 2017 WL 35725 at *1 (3d Cir. Jan. 4, 2017) (per curiam) (citing *Fogle v. Pierson*, 435 F.3d 1252, 1258 (10th Cir. 2006); *Eriline Co. S.A. v. Johnson*, 440 F.3d 648, 656-57 (4th Cir. 2006); *Dellis v. Corr. Corp. of Am.,* 257 F.3d 508, 511 (6th Cir. 2001); *Pino v. Ryan*, 49 F.3d 51, 53 (2d Cir. 1995)).

In the instant action, Plaintiff specifically states that the date of the event occurred "in 2011 or 2012." As stated *supra*, Plaintiff initiated these actions on March 12, 2018, clearly more than two years after the date the occurrence allegedly occurred. Plaintiff alleges no facts supporting a conclusion that the statute of limitations was tolled for any reason.

Plaintiff's complaint is based on an indisputably meritless legal theories[3] which either fail to state a claim or fall outside the statute of limitations, and should therefore be dismissed, *sua sponte*, pursuant to 28 U.S.C. §1915(e)(2). *Neitzke*, 490 U.S. at 328. Therefore, the court recommends that the claim of obstruction of criminal investigation be dismissed as frivolous, with prejudice, as it would be futile for Plaintiff to amend his claims. *See Fletcher-Harlee Corp. v. Pote Concrete Contractors, Inc.*, 482 F.3d 247, 251 (3d Cir. 2007). In addition, Wilsons claims that

---

[3] Plaintiff has not plead factual content that allows the court to draw the reasonable inference that the defendants are liable for any misconduct. "[I]ndividual citizens do not have a constitutional right to the prosecution of alleged criminals." *Capogrosso v. The Supreme Court of New Jersey*, 588 F.3d 180, 184 (3d Cir.2009) (citing *Sattler v. Johnson,* 857 F.2d 224, 227 (4th Cir.1988)); *see also Leeke v. Timmerman*, 454 U.S. 83, 85–86, 102 S.Ct. 69, 70 L.Ed.2d 65 (1981) ("[a] private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another."

Defendants violated "42 U.S.C. 1981 Equal Rights Under the Law." should likewise be dismissed as frivolous, with prejudice, as it would be futile for Plaintiff to amend his claims. *Id.*

### III. Conclusion

For the reasons set forth herein, it is respectfully recommended that the Complaint be dismissed with prejudice, as frivolous pursuant to the screening provisions of 28 U.S.C. 1915(e)(2).

The plaintiff is permitted to file Objections to this Report and Recommendation to the assigned United States District Judge. In accordance with 28 U.S.C. § 636(b), Fed.R.Civ.P. 6(d) and 72(b)(2), and LCvR 72.D.2, Plaintiff, because he is a non-electronically registered party, must file objections to this Report and Recommendation by **April 26, 2018**. Failure to file Objections within this timeframe "will waive the right to appeal." *Brightwell v. Lehman*, 637 F.3d 187, 193 n. 7 (3d Cir. 2011).

Dated this 9th day of April, 2018.

s/Cynthia Reed Eddy
Cynthia Reed Eddy
United States Magistrate Judge

cc:  Honorable Nora Barry Fischer
(via CM/ECF electronic notification)

ROGER WILSON
516 Sinclair Street, Apt. 501
McKeesport, PA 15132
(via U.S. First Class mail)